United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SILVERMAN, | No. C 13-1704 WHA (PR) |
|     Petitioner, | **ORDER OF DISMISSAL;** |
|   v. | **GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| G. MONK, Warden, | |
|     Respondent.                / | (Dkt. 3) |

      Petitioner, a California state prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).

      In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *See Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. *See id.* If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. *See id.* at n.3.

Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981). Petitioner has not done so. He indicates in his petition that he has not presented his claims, either on direct appeal or in a petition for habeas relief, to the California Court or to the California Supreme Court (Pet. 3-5) To exhaust his claims, petitioner must properly raise them in the California Supreme Court. Petitioner has also not presented any exceptional circumstances to excuse his failure to exhaust. *See Granberry*, 481 U.S. at 134. The petition is therefore **DISMISSED** without prejudice to refiling after available state judicial remedies are exhausted.

Good cause appearing, petitioner's application to proceed in forma pauperis (docket number 3) is **GRANTED**.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: May 1, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.13\SILVERMAN1704.DSM-EXH.wpd

2